IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSTIN ZERUTH,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | 2:21-CR-00355-CCW-37<br><br>Related to: Civil Action No. 2:24-cv-538-CCW |

**OPINION AND ORDER**

Before the Court is pro se Petitioner Justin Zeruth's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255, ECF No. 2396, filed at Criminal Action No. 21-355 and Civil Action No. 24-538. Mr. Zeruth's Motion will be denied for the reasons set forth below.

**I.   Background**

The Court writes only for the parties, and therefore sets forth only those facts that are necessary to resolve Mr. Zeruth's Motion. Mr. Zeruth was charged with one count of conspiracy to possess with intent to distribute and distribute 50 grams or more of methamphetamine, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, 500 grams or more of a mixture and substance containing a detectable amount of cocaine, and a quantity of a mixture and substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 846. ECF No. 3 (Count 1). He was also charged with one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). *Id.* (Count 5).

On November 4, 2022, Mr. Zeruth elected to plead guilty to a lesser included offense at Count 1,[1] and to Count 5, pursuant to a plea agreement with the United States. ECF No. 1264-1. In the plea agreement, Mr. Zeruth waived his right to file a motion to vacate sentence under 28 U.S.C. § 2255. *Id.* ¶ A.7.

During the plea hearing, the Court found Mr. Zeruth's plea to be both knowing and voluntary, and it accepted his guilty plea. *See generally* ECF No. 2407. On May 8, 2023, the Court sentenced Mr. Zeruth to 120 months imprisonment at each of Counts 1 and 5, to run concurrently, which was the bottom of the advisory Guideline range. ECF No. 1894. Mr. Zeruth did not appeal.

Mr. Zeruth filed a pro se § 2255 motion on April 8, 2024, and following the Court's Miller notice, filed a Notice of Intent stating that he intended to withdraw his § 2255 motion and requesting that the Court convert his § 2255 motion into a habeas corpus petition under 28 U.S.C. § 2254 challenging his state custody. ECF Nos. 2348, 2357, and 2381. The Court did so, directing the Clerk of Court to file Mr. Zeruth's § 2254 Motion as a new civil action. ECF No. 2382. On August 6, 2024, the Honorable Susan Paradise Baxter dismissed the § 2254 petition without service because that section only pertains to challenges to a state court judgment of conviction or sentence, and Mr. Zeruth sought to challenge his federal conviction. *Zeruth v. Warden of SCI Forest*, Civil Action No. 24-145, Docket No. 4 (W.D. Pa. Aug. 6, 2024).

On September 20, 2024, Mr. Zeruth mailed his current pro se § 2255 Motion, which was docketed on September 27, 2024. ECF No. 2396. The United States responded, ECF No. 2413, and the Motion is now ripe for disposition.

---

[1] Specifically, Mr. Zeruth pleaded guilty to conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine.

**II.     There is No Need for an Evidentiary Hearing**

The Court does not need to hold an evidentiary hearing on a § 2255 motion if the record conclusively shows that the petitioner is not entitled to relief.  *United States v. Ritter*, 93 F. App'x 402 (3d Cir. 2004);  28 U.S.C. § 2255.  Under this standard, a hearing is not necessary in this case.

**III.    Legal Analysis**

Mr. Zeruth's Motion asserts one claim:  that his sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment because there are alleged disparities between the length of his sentence and those of certain of his co-conspirators.  ECF No. 2396 at 2–3.  He also conclusorily asserts, without explanation, that his sentence "falls outside the guidelines made under the New Sentencing Matrix." *Id.* at 3.

The United States responds that, inter alia, Mr. Zeruth's Motion is untimely and that the collateral attack waiver in the plea agreement forecloses his claims.  ECF No. 2413.

**A.     The Collateral Attack Waiver in Mr. Zeruth's Plea Agreement Bars the Majority of his Claims**

Assuming without deciding that Mr. Zeruth's Motion is not time-barred, the Court finds that the collateral attack waiver in Mr. Zeruth's plea agreement is enforceable and bars his claims.

In his plea agreement, Mr. Zeruth waived "the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence." ECF No. 1264-1 ¶ A.7.  This collateral attack waiver does not, however, prevent Mr. Zeruth from bringing "a claim of ineffective assistance of counsel in an appropriate forum, if otherwise permitted by law." *Id.*  But he has not asserted an ineffective assistance of counsel claim here.

Waivers of appeal rights, including collateral attack waivers, are enforceable if they are "entered into knowingly and voluntarily" and do not "work a miscarriage of justice." *United States*

3

*v. Mabry*, 536 F.3d 231, 237 (3d Cir. 2008), *abrogated in part on other grounds by Garza v. Idaho*, 586 U.S. 232 (2019).  Mr. Zeruth does not challenge the knowing and voluntary nature of his waiver, nor does he assert that enforcing the waiver would work a miscarriage of justice.  *See* ECF No. 2396.  Nevertheless, the Court is independently obligated to evaluate the waiver's validity. *Mabry*, 536 F.3d at 237.  Accordingly, before enforcing the collateral attack waiver, the Court will examine the record to ensure that the waiver was knowing and voluntary, and that its enforcement will not work a miscarriage of justice.

With respect to the knowing and voluntary nature of Mr. Zeruth's waiver, the Court has reviewed the terms of the parties' plea agreement, ECF No. 1264-1, and the transcript from the November 4, 2022 change-of-plea hearing, ECF No. 2407.  First, both parties signed the written plea agreement which explicitly states that "Defendant further waives the right to file a motion to vacate sentence under 28 U.S.C. § 2255, attacking his conviction or sentence and the right to file any other collateral proceeding attacking his conviction or sentence."  ECF No. 1264-1 ¶ A.7.  And at the change-of-plea hearing, the Court engaged in the following dialogue with Mr. Zeruth:

> **Court**: In addition, in your plea agreement, you are waiving your right to file any collateral attack on your conviction or sentence and that includes a motion to vacate your sentence pursuant to Title 28 of the United States Code, Section 2255.  Do you understand that?
>
> **Defendant**: Yes.

ECF No. 2407 at 17:11–17.  After questioning Mr. Zeruth during the change-of-plea hearing, the Court found him "competent and capable of entering an informed plea," and concluded that his guilty plea was both "knowingly and voluntarily made."  *Id.* at 26:13–19.  In light of the foregoing, and in the absence of any evidence or argument from Mr. Zeruth to the contrary, the Court finds that Mr. Zeruth's waiver was knowing and voluntary.  *See United States v. Parker*, 793 F. App'x

64, 67–68 (3d Cir. 2019) (finding that the discussion at the petitioner's plea hearing "sufficiently counteracts his claim that the collateral challenge waiver was not knowing and voluntary.").

Next, the Court examines whether enforcing Mr. Zeruth's collateral attack waiver would work a miscarriage of justice. A miscarriage of justice is "something grave and out of the ordinary." *Mabry*, 536 F.3d at 239. The Third Circuit has adopted a "common sense approach" to this inquiry, and has suggested that courts consider several factors, including:

> the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.

*Id.* at 242–43. Moreover, the Third Circuit has made clear that "it is not enough that an issue is meritorious; after all, appellate waivers are intended to preclude review not just of frivolous questions, but of difficult and debatable legal issues we would otherwise consider." *United States v. Grimes*, 739 F.3d 125, 130 (3d Cir. 2014) (cleaned up).

Here, the Court does not perceive error, let alone a clear, grave error that would constitute a miscarriage of justice. The core of Mr. Zeruth's arguments is that he was a member of a conspiracy who had, in his view, a more minor role than certain other conspirators, and that there were asserted disparities between his sentence and several later-sentenced co-conspirators. ECF No. 2396 at 2. Mr. Zeruth was sentenced at the bottom of his Guideline Range after an individualized assessment of the § 3553(a) factors. *See Giblin v. United States*, No. 09-1286, 2010 WL 3039992, at *18 (D.N.J. Aug. 3, 2010) (rejecting petitioner's argument that there were unwarranted sentencing disparities where his sentence fell within the Guidelines range, and he failed to point to similarly situated co-defendants). He has not presented any information that leads the court to conclude that enforcing his appellate waiver would result in a miscarriage of

justice. For these reasons, and those set forth in the United States' Response at ECF No. 2413, which is incorporated by reference into this ruling, Mr. Zeruth has failed to show that enforcing the waiver will cause a miscarriage of justice. Accordingly, the waiver is effective, and it bars Mr. Zeruth's claims.

**IV.     Conclusion**

Consistent with the foregoing, Petitioner's 2255 Motion is DISMISSED. No certificate of appealability will issue because jurists of reason would not find the Court's conclusions debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

DATED this 5th day of February, 2025.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via United States Mail):

Justin Zeruth
*Pro se*
No. MQ5533
P.O. Box 945
286 Woodland Drive
Marienville, PA 16239